# The State of New Hampshire

## SUPERIOR COURT

HILLSBOROUGH COUNTY
NORTHERN DISTRICT

( ) COURT
( x) JURY

### WRIT OF SUMMONS

Elayne Pierson
37 Fox Hollow Drive
Weare, New Hampshire 03281

Town of Weare
P.O. Box 190
Weare New Hampshire 03281

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of __May__ ,
__2006__ .
YEAR                                                                                              MONTH

The PLAINTIFF(S) state(s):

SEE ATTACHED

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

_____
INDORSER (sign and print name)

2-27-06
DATE OF WRIT

#### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, Walter L. Murphy, Chief Justice, Superior Court.

_____
John M. Safford, Clerk
NH Superior Court Hillsborough County
Northern District
300 Chestnut St
Manchester NH 03101-2490
(603) 669-7410

_____
SIGNATURE OF PLAINTIFF/ATTORNEY
Andru Volinsky/Dawnangela Minton
Bernstein Shur Sawyer & Nelson PA
PRINTED/TYPED NAME

P.O. Box 1120
ADDRESS

Manchester NH 03105-1120 / 603-623-8700

STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Hillsborough North, ss

Docket No.

Elayne PIERSON

v.

TOWN OF WEARE

## ADDENDUM TO WRIT OF SUMMONS

NOW COMES Elayne Pierson, by and through her attorneys Bernstein, Shur,

Sawyer & Nelson, PA and complains against the Town of Weare as follows:

### Parties, Jurisdiction, and Venue

1.      Elayne Pierson is an adult resident of the Town of Weare. She resides at
37 Fox Hollow Drive, Weare, New Hampshire 03281

2.      The Town of Weare is a municipal corporation located in Hillsborough
County, New Hampshire with a mailing address of P.O. Box 190, Weare, New
Hampshire 03281.

3.      This Court has jurisdiction over all counts in this Complaint pursuant to
RSA 491:7, because each count arises from actions that occurred or failed to occur in the
Town of Weare, County of Hillsborough, State of New Hampshire.

4.      Venue properly lies in Hillsborough County – Northern District as Ms. Pierson resides in Weare, New Hampshire, and the Defendant municipality is located in Hillsborough County.

## Factual and Procedural Background

5.      The Town of Weare (hereinafter "Town" or "Weare") employed Ms. Pierson as Finance Administrator and/or Deputy Treasurer from July 23, 1987 to June 1, 2005.

6.      The Town of Weare terminated Ms. Pierson on or about June 1, 2005. She appealed the termination through the appeal process established by the Weare Board of Selectmen. The board affirmed Ms. Pierson's termination in a written decision in November 2005.

7.      After her termination, Ms. Pierson, through counsel, informed the Town of Weare that she had not been paid all wages due to her, including, but not limited to, overtime pay and sick time pay.

8.      As of Ms. Pierson's last date of employment with the Town of Weare, she had accrued $14,682.06 in sick leave. While Ms. Pierson was employed by the Town of Weare it had more than one written policy concerning payment for accrued sick time. Regardless of those written policies, the Town paid other former employees - who were either terminated or resigned in lieu of termination – the full amount of their accrued sick time, thereby establishing a policy of paying out fully accrued sick leave upon termination or resignation from the Town.

9.    As of the date of her termination, Ms. Pierson was also due wages in the amount of $5,126.31. The total amount due represents pay for period of March 1, 2003 to May 29, 2003 as follows: 39.75 hours of overtime at $28.85 an hour for a total of $1,146.79. The total amount also includes pay for the period of June 1, 2003 to August 23, 2004 as follows: 4.00 hours at a regular rate of pay at $19.23 an hour for a total of $76.92, 4.75 hour at a regular rate of pay at $19.79 per hour for a total of $94.00, 113.75 hours of overtime at $28.85 an hour for a total of $3,281.69, and 17.75 hours of overtime at $29.69 an hour for a total of $526.91.

10.    The Town's failure to pay Ms. Pierson the wages due to her is willful. Despite its knowledge that Ms. Pierson is owed wages, willfully refuses to pay Ms. Pierson. The Town recklessly disregards the requirements of the FLSA by failing to inquire if its actions were in compliance with the FLSA.

## COUNT I
### Violation of Fair Labor Standards Act, 29 USC §§ 201-219

11.    Ms. Pierson incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

12.    By their conduct, as alleged herein, Defendant violated the Fair Labor Standards Act (hereinafter "FLSA") at 29 USC §§ 201 through 219 by failing to pay Plaintiff wages due for hours worked at Plaintiff's hourly rate of pay, and for overtime pay of one and one-half times Plaintiff's hourly rate for all hours worked in excess of forty hours during a workweek.

13.     Weare is an employer within the meaning of 29 USC §§ 203 (d) and (x).
Ms. Pierson is an employee within the meaning of 29 USC § 203(e), and during all times
relevant to the allegations set forth in this matter, has been entitled to the protections and
benefits provided under the FLSA.

14.     The FLSA requires employers to pay employees for all hours they work.
In violation of 29 USC §§ 206 and 207, Weare has not paid Ms. Pierson for all of the
regular and overtime hours that she worked.  Plaintiff has been damaged by Defendant's
violations of 29 USC §§ 206 and 207.

15.     The Town is aware that Ms. Pierson is due payment for wages in the
amount of $5,126.31.  Despite that knowledge, the Town of Weare willfully refuses to
pay Ms. Pierson the wages due.  The Town has recklessly disregarded the requirements
of the FLSA by failing to inquire if its actions were in compliance with the FLSA.

16.     Pursuant to 29 USC § 216, Defendant is liable to Plaintiff for unpaid
overtime compensation, plus, as liquidated damages, an additional sum equal to the
amount of unpaid overtime compensation, plus reasonable attorneys' fees and costs of
this action.

17.     Plaintiff's damages are within the jurisdictional limits of this Court.

## COUNT II
## NH RSA 275

18.     Ms. Pierson incorporates by reference the allegations of the preceding
paragraphs as if fully set forth herein.

19.     By its conduct as alleged herein, Defendant violated NH RSA 275:43-a
and is, therefore, liable to Plaintiff.

20.     As alleged above, the Defendant has failed to pay Ms. Pierson all of the
wages due to her, including wages for hours worked at Ms. Pierson's regular rate of pay,
wages for overtime hours worked at one and one-half times Ms. Pierson's rate of pay,
and wages for Ms. Pierson's accrued sick time as of her last day of employment with the
Town.

21.     RSA 275:44 requires that a discharged employee be paid her wages
encompassing all compensation within 72 hours of her termination.  Weare has failed to
pay Ms Pierson $5,126.31 for regular and overtime pay, and $14,682.06 for accrued sick
leave.  The Plaintiff's accrued sick leave, regular wages, and overtime wages all
constitute "wages" pursuant to RSA 275:43.

22.     Defendant's willful refusal to pay these wages constitutes an attempt at an
unlawful withholding or diversion of wages as prohibited by RSA 275:48.

23.     Defendant's failure to the Plaintiff these wages in full within 72 hours of
termination was intentional, willful, and without good cause.  If an employer willfully
and without good case fails to pay an employee wages as required the employer is liable
for liquidated damages.  RSA 275:44, IV.

24.     Defendant is also liable for attorneys' fees and costs.  RSA 275:53.

25.     Plaintiff's damages are within the jurisdictional limits of this Court.

## Relief Requested

WHEREFORE, the Plaintiff requests the following relief:

A. An award of damages sustained by the Plaintiff as a result of Defendant's

violations of the FLSA, an additional equal amount as liquidated damages pursuant to

29 USC §216, and attorneys' fees and costs;

B. An award of damages sustained by the Plaintiff as a result of Defendant's

violation of RSA Chapter 275, including liquidated damages and attorneys' fees and

costs;

C. Prejudgment interest, post-judgment interest, and costs of the suit;

D. An award of such other relief as the Court deems just and proper;

E. A jury trial is demanded;

F. All damages sought herein are within the jurisdiction of the Court.

Date:   February 27, 2006

Andru Volinsky

Dawnangela Minton

Attorneys for Elayne Pierson

**Bernstein, Shur, Sawyer & Nelson**
670 North Commercial St., Ste. 108
P.O. Box 1120
Manchester, NH 03105-1120
(603) 623-8700

## Consent

I hereby consent, pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, (52 STAT. 1060, 29 USC 201 ET, SEQ.), to the filing of the attached complaint.

_8/27/06_
Date

_9/27/06_
Date

_____
Signature

_ELAYNE D. PIERSON_
Printed Name

_____
Witness Signature

_Lori H. Perez_
Printed Name of Witness